No. 89-191

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GLENN HEITZ,

    Plaintiff and Respondent,

  -v-

JOHN HEITZ,

    Defendant and Appellant.



APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Garfield,
               The Honorable Kenneth R. Wilson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Jock B. West, Billings, Montana

        For Respondent:

        Nickolas C. Murnion, Jordan, Montana


                        Submitted on Briefs:  May 31, 1990

                                Decided:  July 19, 1990
Filed:

_____
                 Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This action concerns an oral agreement between two brothers. The District Court of the Sixteenth Judicial District, Garfield County, entered judgment for plaintiff Glenn Heitz in the amount of $12,982.86. John Heitz appeals. We affirm except as to the award of prejudgment interest on the grazing fee for horses.

The issues are:

1. Did the District Court err in determining that the oral agreement was altered only for the month of December and in assessing a rental rate of $10 per head per month?

2. Did the court err in assessing a rental rate for the pasturing of horses?

3. Did the court err in assessing prejudgment interest?

Between October 1983 and April 1985 John Heitz (John) rented pasture from his brother Glenn Heitz (Glenn) under an oral agreement. Up until November 1984, John paid Glenn $10 per head of cattle, at the beginning of each month, as rental for the pasture for the previous month. John also grazed six horses on Glenn's land. He did not pay anything for the horses.

In January, February, and March, 1985, John's rental payments to Glenn were for only $4.50 to $5 per head of cattle per month. According to John, rent was reduced because there was no grass on the land during this time. John did not make any rental payments to Glenn for grazing his cattle during March and April. Also in

1

April 1985, John used but did not pay for nine tons of Glenn's hay. Glenn brought this suit in November 1987 to recover for pasturing the cattle during January, February, March, and April; for pasturing the horses; and for the hay.

The brothers were the only witnesses at trial. Based on their testimony, the court concluded that they had entered a month-to-month lease of pasture and that except for the month of December 1984 (paid in January 1985), the monthly fee for grazing remained as originally set at $10 per head. The court concluded that Glenn was entitled to prejudgment interest on the grazing fees due from John. It also concluded that Glenn was entitled to recover $405 for nine tons of hay and $240 for pasturing three of the horses, plus prejudgment interest on both of those. John appeals.

I

Did the District Court err in determining that the oral agreement was altered only for the month of December and in assessing a rental rate of $10 per head per month?

John argues that Glenn did not meet his burden of proving by a preponderance of the evidence what the rental rate was to be for the months of January, February, March, and April of 1985. He contends that the evidence supports his position that they had agreed to a reduction of rent to $4.50 per head. He mentions Glenn's acceptance of his checks in January, February, and March. He also alludes to an April 5, 1985, letter he received from

2

Glenn's attorney stating that there had been a rent reduction for the months of January and February 1985.

Glenn's testimony conflicted with John's. Glenn testified that he agreed to reduce the grazing fee for the month of December 1984 only. He further testified that he accepted John's checks in February and March as partial payments. He explained the April 1985 letter from his attorney as an offer of settlement.

If substantial credible evidence supports the facts found by a district court, this Court will not substitute its judgment for that of the lower court. Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944. The lower court is entitled to resolve any conflicts in the evidence. Cameron, 587 P.2d at 944.

The District Court accepted Glenn's testimony that the original agreement was altered for the month of December only. We conclude that the District Court was within its discretion in weighing the credibility of the evidence and in concluding that Glenn's testimony was more credible than John's. Substantial evidence supports the findings of the District Court as to this issue. Those findings are therefore affirmed.

II

Did the court err in assessing a rental rate for the pasturing of horses?

John contends that there was never any agreement that rent would be charged for the horses kept with the cattle. He argues that therefore no charges can be made.

Glenn testified that in June 1984 he told John that he would need to pay for grazing the horses. Glenn took no further action on his claim for payment for the horses, however. He conceded that pasturage for three of the six horses kept with the cattle might reasonably be included in the cattle rental rate, because it would be reasonable to have three horses to work the cattle.

Though it did not set forth the theory under which it did so, the court found that Glenn was entitled to rent for three horses beginning in January 1985 when John unilaterally reduced his payments for the cattle. The law of implied contract, § 28-2-103, MCA, supports a finding that John should be required to pay Glenn for the pasturing of horses after Glenn told John to either pay for their grazing or remove them.

The rent the court allowed was at a rate which Glenn testified was the norm and was for only those horses not necessary to care for and work the cattle. John was ordered to pay rent for the horses only for the period in which the cattle grazing contract was in dispute, after Glenn had told John he would have to pay for the horses. We conclude that substantial evidence supports the finding that Glenn is entitled to compensation for pasturage of three horses for the months of January, February, March, and April 1985.

4

## III

Did the court err in assessing prejudgment interest?

John points out that under § 27-1-211, MCA, prejudgment interest is assessed only on damages "certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day." John argues that Glenn's damages were not certain or capable of being calculated until after trial.

The amount of rent due for the cattle was certain under the oral contract, which the court found continued in effect except for the month of December 1984. The amount owed for the hay was stipulated. But the amount owed for the horses was only determined after trial. John and Glenn had not agreed to a rate for the horses. Nor was it certain, until the court entered its order, for which months Glenn was entitled to grazing fees for the horses. We conclude that the grazing fees for the horses are not subject to prejudgment interest.

We agree with and repeat the statements of the District Court that this type of case should be settled between the two parties and that neither party may be satisfied with what the courts say.

Affirmed except as to the prejudgment interest on the grazing fees for horses.

_____
Chief Justice

5

We Concur:

_John Conway Harrison_

_Diane G. Barz_

_R. C. McDonough_

_John C. Sheehy_
           Justices